ORIGINAL
FILED

08 FEB -5 AM 11:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:    CP    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR2985-WQH |
|---|---|
| Plaintiff, | ) |
|  | ) FINDINGS OF FACT AND |
| v. | ) ORDER OF DETENTION |
|  | ) |
| MIGUEL RIVERA MEDINA (4) aka Vampiro, | ) |
|  | ) |
| Defendant. | ) |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing held on January 31, 2008, to determine whether defendant MIGUEL RIVERA MEDINA should be held in custody pending trial and, if convicted, sentencing on the above-captioned matter. Assistant U.S. Attorney Timothy F. Salel appeared on behalf of the United States and Robert E. Boyce appeared on behalf of the defendant.

The Court considered the factors under 18 U.S.C. § 3142(g) in evaluating whether the defendant should be detained without bail. Based on the charges in the indictment, the pretrial services report, and the evidence proffered by the United States and by the defendant, this Court concludes that the United States has established, by a preponderance of the evidence, that the defendant is a risk of flight and no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

I.

FINDINGS OF FACT

A.  Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))

1.  The defendant is charged in an indictment with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. There is probable cause to believe the defendant committed the charged offense. This is a drug offense involving methamphetamine. This factor weighs in favor of detention

2.  The charged offense is an offense for which the maximum term of imprisonment is ten years or more as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.. Consequently, under 18 U.S.C. § 3142(e), there exists a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

3.  The United States proffered that, under the United States Sentencing Guidelines, the defendant could face more than 20 years in custody. The United States further proffered that, if the enhancement was filed under 21 U.S.C. § 851, the defendant would be facing a minimum mandatory sentence of 20 years in custody.

B.  Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))

1.  There was an indictment returned by a federal grand jury and the United States proffered that the evidence against the defendant includes several months of court-authorized wiretaps, surveillance of drug transactions, and statements by cooperators and informants. While the weight of the evidence is the least important factor of all of the factors that the Court considers in deciding whether a defendant should be detained without bail, the weight of the evidence is a factor in favor of detention.

C.  History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))

1.  The Court finds that the information regarding the defendant's character is a neutral factor that does not weigh in favor of detention or setting bail.

2. The Court finds that the information regarding the defendant's physical and mental condition is a neutral factor.

3. The defendant has substantial family ties. In particular, the defendant has ties to his wife, daughter, and three brothers who all reside in the United States. This factor weighs in favor of setting bail.

4. The defendant's recent employment history consists of a period of unemployment after being self employed. The defendant does not have any long term job that would serve as an anchor for purposes of securing his appearance at future court hearings. Accordingly, this factor weighs in favor of detention.

5. The defendant's financial resources consist primarily of three vehicles with a cumulative value of $2,300. The defendant's vehicles are easily movable to another location. This factor weighs in favor of detention.

6. The defendant's length of residence in the United States is a factor that weighs in favor of setting bail.

7. The defendant's community ties and past conduct were duplicative of other factors considered by the Court and were not considered by the Court.

8. The defendant has a history of drug abuse in his past, including prior use of cocaine, methamphetamine, and marijuana. This factor weighs in favor of detention.

9. The defendant has a significant criminal history that includes a crime of violence conviction and a drug trafficking conviction. This factor weighs in favor of detention.

10. The defendant failed to appear in Court in a felony proceeding in 1987. However, the defendant appeared at other court proceedings since that time. The Court views this factor as neutral.

## II

## REASONS FOR DETENTION

A.   There is probable cause to believe that the Defendant committed the offenses charged in the indictment and that the defendant was involved in a conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

B.   The defendant has not rebutted the presumption, under 18 U.S.C. § 3142(e), that no condition or combination of conditions under 18 U.S.C. §§ 3142(b), (c), or (d) will reasonably assure the appearance of the defendant as required at future proceedings.

C.   The defendant faces a substantial period of time in custody if convicted of the offense charged in the indictment and, therefore, the defendant has a strong incentive to flee.

## III

## ORDER

IT IS HEREBY ORDERED that the defendant be detained pending trial and, if convicted, sentencing in this matter.

IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

This order is made without prejudice to modification by this Court and without prejudice to the Defendant's exercise of his right to bail and a detention hearing at a future date.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 2/5/2008

*[signature]*
HONORABLE RUBEN B. BROOKS
United States Magistrate Judge

Prepared by:

*[signature]*
TIMOTHY F. SALEL
Assistant U.S. Attorney

cc (via e-mail):    Robert E. Boyce, Esq.
reboyce@pacbell.net

Findings of Fact and
Order of Detention
07CR2985-WQH